So Ordered.

Dated: August 23, 2023



G. Michael Halfenger
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
_____

In re:

    Melissa Herron,                        Case No. 21-20608-gmh

            Debtor.                          Chapter 13
_____

**ORDER DENYING DEBTOR'S MOTION TO REOPEN**
_____

       Debtor Melissa Herron filed this chapter 7 petition on February 5, 2021. On May 11, 2021, the court entered an order granting her a chapter 7 discharge and closed her chapter 7 case. ECF Nos. 38 & 39. On August 10, 2023, the debtor filed a motion to reopen her case and requested that the court determine whether a debt she owes to the Wisconsin Department of Revenue regarding income tax due for tax year 2017 was discharged in her bankruptcy proceeding. ECF No. 44. The debtor further requested that if the debt was not discharged whether she could "reopen the case and request a discharge of the [ ] debt." *Id.* at 1.

       Section 350(b) of the Bankruptcy Code provides, "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). But "a closed bankruptcy proceeding should not be

reopened 'where it appears that to do so would be futile and a waste of judicial resources.'" *Redmond v. Fifth Third Bank*, 624 F.3d 793, 803 (7th Cir. 2010) (quoting *In re Carberry*, 186 B.R. 401, 402 (Bankr. E.D.Va. 1995)) (first citing *In re Antonious*, 373 B.R. 400, 406 (Bankr. E.D.Pa. 2007), then citing *Arleaux v. Arleaux*, 210 B.R. 148, 149 (8th Cir. B.A.P. 1997)). That is the case here.

The court has reviewed the record and, based on the statements in and attachments to the debtor's August 10, 2023 letter, concludes that the 2017 income tax debt owed to the State of Wisconsin Department of Revenue was excepted from the debtor's chapter 7 discharge pursuant to 11 U.S.C. §523(a)(1). Section 523(a)(1)(A) of title 11 provides that a chapter 7 discharge "does not discharge an individual debtor from any debt . . . for a tax . . . of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) . . . , whether or not a claim for such tax was filed or allowed". To determine whether the State of Wisconsin Department of Revenue's debt was subject to discharge, the court must determine whether it is a tax debt of a kind and within the periods specified in §507(a)(3) or (8). Section 507(a)(8)(A) includes the following debt: "allowed unsecured claims of governmental units, only to the extent that such claims are for – (A) a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition – (i) for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition."

Here, the 2017 tax year is a year that ended before the date of the filing of the petition. Therefore, the court must determine whether 2017 was a tax year "for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition." *Id.* Three years before the petition date is February 5, 2018. Thus, the tax return for tax year 2017 must have been due between February 5, 2018, and February 5, 2021, to be excepted from discharge under §523(a)(1). The deadline to file personal income tax returns for tax year 2017 was April 17, 2018, and that date is within three years of the

date of the filing of the petition (February 5, 2021). Therefore, income taxes due for 2017 are excepted from the chapter 7 discharge pursuant to 11 U.S.C. §523(a)(1)(A).

Based on this determination that the 2017 income tax debt due to the Wisconsin Department of Revenue was excepted from discharge pursuant to the operation of 11 U.S.C. §523(a)(1)(A), the debtor's motion to reopen to pursue relief against the Wisconsin Department of Revenue to seek a declaration that her 2017 tax debt was discharged is DENIED as futile.

# # # # #